# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br><br>Bartolo DAMASO-SIXTO<br>a.k.a. Bartolo Damaso Sixto, Bartolo Damaso<br>Sixtos, Bartolo Damaso, Enrique Damaso Sixtos,<br>Enrique Damaso, Enrique Damazo, Pepe Damaso,+<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 1:18mj233<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 28, 2018__ in the county of __Alamance__ in the __Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC Section 1326(a) & (b)(1) | Being found in the United States while an alien being previously removed or deported from the United States subsequent to a conviction for commission of a felony (other than an aggravated felony) without the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) & (b)(1). |

This criminal complaint is based on these facts:
See Attached.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Erin North, Deportation Officer
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/17/18

_____
*Judge's signature*

City and state: Greensboro, North Carolina

L. Patrick Auld United States Magistrate Judge
_____
*Printed name and title*

IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AFFIDAVIT

I, Erin North, Deportation Officer, U.S. Immigration and Customs Enforcement, United States Department of Homeland Security, being duly sworn, state that:

1. Your Affiant is a graduate of the Federal Law Enforcement Training Center (FLETC) and has been employed as a federal officer of Immigration and Customs Enforcement (ICE) for twelve years, during which time she has conducted numerous investigations relating to administrative and criminal violations of the Immigration & Nationality Act (INA).

2. The information contained in this affidavit is based on your Affiant's personal participation in this investigation and from information provided to your Affiant by other law enforcement officers. This affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint against Bartolo DAMASO-SIXTO, also known as Bartolo Damaso Sixto, Bartolo Damaso Sixtos, Bartolo Damaso, Enrique Damaso Sixtos, Enrique Damaso, Enrique Damazo, Pepe Damaso, Reynaldo Damaso, Renaldo Damaso, Pedro Chanelo-Baltizar, and Petra Sosa-Vega [hereafter referred to as DAMASO-SIXTO]. Your Affiant has not included each and every fact known to her concerning this investigation but has set forth only those facts believed to be necessary for said purpose.

3. Your Affiant respectfully assert that sufficient evidence exists to support a probable cause finding that DAMASO-SIXTO has violated Title 8, United States Code, Sections 1326(a)&(b)(1) (illegal reentry into the United States by an alien who was previously removed from the United States subsequent to the conviction for the commission of a felony). DAMASO-SIXTO did not obtain the consent of the Attorney General of the United States prior to March 1, 2003, nor the Secretary of the Department of Homeland Security after February 28, 2003, to reapply for admission to the United States after said removal.

4. On June 28, 2018, DAMASO-SIXTO was encountered and administratively arrested by ICE Fugitive Operations Officers in Burlington, NC, within Alamance County, with the assistance of Burlington Police, subsequent to a domestic disturbance report made to Burlington Police and ICE the previous day. He was transported to ICE offices in Greensboro, NC, where he was

further interviewed, fingerprinted, and photographed. DAMASO-SIXTO's fingerprints were submitted through Next Generation Identification (NGI), which is connected to the National Crime Information Center (NCIC), and the automated biometric identification system used by ICE termed IDENT. The fingerprint-based reports that were generated disclosed that he was the subject of FBI number XXX821JA9, State Identification Number NCXXX6697A, and Immigration A-file number XXX-437-283.

5. Your Affiant conducted criminal justice database searches and reviewed Immigration A-file XXX-437-283 relating to DAMASO-SIXTO and discovered that:

a) his name is Bartolo DAMASO-SIXTO;
b) he is also known as Bartolo Damaso Sixto, Bartolo Damaso Sixtos, Bartolo Damaso, Enrique Damaso Sixtos, Enrique Damaso, Enrique Damazo, Pepe Damaso, Reynaldo Damaso, Renaldo Damaso, Pedro Chanelo-Baltizar, and Petra Sosa-Vega;
c) he is citizen of Mexco, by virtue of birth in Changata, Guerrero, Mexico, on August 18, 19XX, and has also used May 18, 1965, August 15, 1965, January 18, 1966, May 12, 1966, February 21, 1969, and March 23, 1975, as his date of birth;
d) he was assigned FBI number XXX821JA9; State Identification Number NCXXX6697A, United States Marshal Service Registration Number XXX08-080, and North Carolina Department Of Corrections Number XXX0166;
e) effective December 01, 1990, he was accorded status as a lawful permanent resident (Code of Admission S26) in Charlotte, NC, under the name Bartolo Damaso;
f) on August 16, 1991, he was convicted in Alamance County, NC, District Court for ASSAULT ON A FEMALE, and sentenced to seven (7) months incarceration, which appears to have been suspended for five (5) years of probation. Court Docket 1991CR18557; date of arrest was July 19, 1991;
g) on August 16, 1991, he was convicted in Alamance County, NC, District Court for ASSAULT ON A FEMALE. Court Docket 1991CR14833; consolidated for judgment with 1991CR18557; date of arrest was June 09, 1991;
h) on August 16, 1991, he was convicted in Alamance County, NC, District Court for DOMESTIC CRIMINAL TRESPASS. Court Docket 1991CR14834; consolidated for judgment with 1991CR18557; date of arrest was June 09, 1991;

i) on October 21, 1997, he was granted Prayer for Judgment Continued in Alamance County, NC, District Court after pleading guilty for the lesser offense ASSAULT ON A FEMALE, under the conditions that he not assault the prosecution witness. Court Docket 1997CR22042; date of arrest was September 03, 1997;

j) on December 27, 1997, he and three others were encountered by United States Border Patrol Agents at/near Eagle Pass, TX, exiting a river landing west of the Eagle Pass, TX, Port of Entry. All subjects were transported to the United States Border Patrol Station at Eagle Pass, TX, for further questioning;

k) on December 29, 1997, United States District Court for the Western District of Texas Del Rio Division case number DR97-2502M-01, based on a criminal complaint, was filed against DAMASO-SIXTO for ILLEGAL ENTRY, in violation of Title 8, United States Code, Section 1325;

l) on February 25, 1998, he was convicted in the United States District Court for the Western District of Texas Del Rio Division for ILLEGAL ENTRY, in violation of Title 8, United States Code, Section 1325, and sentenced to one hundred fifty (150) days of imprisonment. Case Number DR97-2502M-01; notated elsewhere as 2:97-mj-02502. *Court record shows that DAMASO-SIXTO appealed this judgment that same day to the United States District Court for the Western District of Texas, which subsequently appears to have affirmed the judgment of the Magistrate Court on September 17, 1998 (Case Number 2:98CR90-FB);*

m) on February 25, 1998, United States Border Patrol Agents out of Del Rio, TX, initiated removal proceedings against him;

n) on August 14, 1998, an Immigration Judge in El Paso, TX, denied his applications for voluntary departure and cancellation of removal under section 240A(a) of the INA, and ordered him removed from the United States to Mexico (under the name Bartolo Damaso-Sixto), thereby ending his lawful permanent resident status;

o) on August 17, 1998, agency form I-205 Warrant of Removal/Deportation was executed by including his fingerprint, signature, and photograph, and DAMASO-SIXTO was removed from the United States to Mexico, on foot, at the Paso Del Norte Bridge in El Paso, TX, being advised prior to removal that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the consent of the Attorney General for a period of ten (10) years;

p) on March 28, 2001, he was convicted in Alamance County, NC, District Court for DRIVING WHILE IMPAIRED – Level 4, and sentenced to sixty (60) days of incarceration and twelve (12) months of supervised probation. Court Docket 2000CR59577; date of arrest was October 22, 2000;

q) on March 28, 2001, he was convicted in Alamance County, NC, District Court for DRIVING WHILE IMPAIRED – Level 2, and sentenced to six (6) months of incarceration and twelve (12) months of supervised probation. Court Docket 200CR60917; date of arrest was December 03, 2000;

r) on November 28, 2005, he was granted Prayer for Judgment Continued in Orange County, NC, District Court after pleading guilty for POSSESS/MANUFACTURE FRAUDULENT ID. Court Docket 2005CR9008; date of arrest was August 16, 2005;

s) on October 05, 2006, encountered by ICE Special Agents while incarcerated at the Alamance County Jail in Graham, NC, pursuant to his arrest earlier that same day by the Alamance County Sheriff's Office for two counts of TRAFFICKING IN COCAINE, two counts of POSSESS WITH INTENT TO SELL/ DELIVER COCAINE, two counts of SELL COCAINE, to counts of DELIVER COCAINE, two counts of FELONY POSSESSION OF COCAINE, two counts of POSSESS DRUG PARAPHERNALIA, and two counts of MAINTAIN/ VEHICLE/ DWELLING/ PLACE CONTROLLED SUBSTANCE;

t) on April 23, 2007, he was convicted in Alamance County, NC, Superior Court for TRAFFICKING IN COCAINE (by transportation), and sentenced to thirty-five to forty-two (35-42) months of imprisonment. Court Docket 2006CRS58782; date of arrest was October 05, 2006;

u) on April 23, 2007, he was convicted in Alamance County, NC, Superior Court for TRAFFICKING IN COCAINE (by transportation). Court Docket 2006CRS58785; consolidated for judgment with 2006CRS58782; date of arrest was October 05, 2006;

v) on October 21, 2009, his order of removal was reinstated by designated officials in Lumpkin, GA;

w) on October 29, 2009, agency form I-205 Warrant of Removal/Deportation was executed by including his fingerprint and photograph (he refused to provide his signature), and DAMASO-SIXTO was removed from the United States to Mexico, on foot, at Laredo, TX, being advised prior to removal that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the express consent of the Secretary of Homeland Security at any time.

6. On July 11, 2018, your Affiant submitted an FD-249 arrest tenprint card taken by ICE Officers on June 28, 2018; two TXINS FD-249 arrest tenprint cards from A-file XXX-437-283 dated December 27, 1997; I-205 Warrant of Removal/ Deportation from A-file XXX-437-283 executed August 17, 1998, at the Paso Del Norte Bridge in El Paso, TX; underlying felony Alamance County, NC, Sheriff's Office arrest tenprint card in the name Bartolo Damaso Sixto dated October 05, 2006; NCICE FD-249 arrest tenprint card from A-file XXX-437-283 dated November 05, 2007; I-294 Warning to Alien Ordered Removed or Deported from A-file XXX-437-283 dated November 05, 2007; and I-205 Warrant of Removal/ Deportation from A-file XXX-437-283 executed October 29, 2009, at Laredo, TX, to the Department of Homeland Security's Biometric Support Center – West Latent Print Unit for fingerprint comparison. This is an additional measure taken to further confirm the preliminary fingerprint reports received at time of administrative processing. The Department of Homeland Security's Biometric Support Center – West Latent Print Unit's results are currently pending.

7. On July 12, 2018, your Affiant conducted record checks of immigration indices and was unable to locate any record that DAMASO-SIXTO was granted permission by the Attorney General of the United States or the Secretary of the Department of Homeland Security to apply for admission to the United States after deportation/removal.

8. Based on the above information your Affiant respectfully requests the issuance of a criminal complaint against DAMASO-SIXTO.

_____
Erin North, Deportation Officer
U.S. Immigration and Customs Enforcement


Sworn to and subscribed before me this 17th day of July, 2018,

_____
Honorable L. Patrick Auld
United States Magistrate Judge